**Zhong CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–5089–AG.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

---

1. Pursuant to Federal Rule of Appellate Pro-   cedure 43(c)(2), Attorney General Alberto R.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Donald R. Lorenzen, Edmond Chang, Carole L. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhong Chen, petitions for review of the September 7, 2004 BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

█ Where, as here, the BIA affirms the IJ's ultimate conclusions, but rejects some of the bases for the IJ's opinion and

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

emphasizes others, this Court reviews the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) *(per curiam); Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

▆ The BIA specifically rejected the IJ's plausibility-based findings, and held that the IJ's findings based on demeanor and inconsistencies were sufficient bases for the adverse credibility determination. The IJ's demeanor findings are entitled to "particular deference," because the IJ has the unique advantage of observing and hearing the applicant's testimony live. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73. Moreover, the IJ's specific concerns that Chen frequently gave evasive or non-responsive answers to questions, and testified in a "mechanical" manner, are amply supported by the record.

▆ Chen was particularly evasive and non-responsive to questions about where he lived in China, both before and after his wife's alleged sterilization. He was unable to reconcile the discrepancy between his claim that he was consistently moving around and hiding from the authorities, and his asylum application and documentary evidence, which indicated that he had lived at the same address throughout his life in China. He argues that this detail does not go to the heart of his claim, which is his wife's forced sterilization; however, he made this detail central by stressing his need to hide from the authorities. The listing of the address contradicts his claim

that he and his wife kept their two younger children hidden from the authorities until their sudden discovery in 1990. Additionally, the suggestion that Chen and his family continued to live openly at his registered address after the sterilization undermines his claim that the police consistently tried, unsuccessfully, to arrest him. This inconsistency is therefore central to Chen's claim, and the BIA correctly determined that it constituted substantial evidence supporting the IJ's adverse credibility finding. *See Majidi,* 430 F.3d at 80–81. Because these same facts formed the "only potentially valid basis" for Chen's withholding of removal and CAT claims, substantial evidence also supports the IJ's and BIA's denial of those claims. *See Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.